UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X  Case No.: 22-cv-08463 (LGS)

STEFANIE NIVAL,

                                        Plaintiff,

      -against-

                                        ~~Proposed~~ **Default Judgment**

SUGAR FACTORY BROADWAY LLC
d/b/a SUGAR FACTORY AMERICAN BRASSERIE,
and EDWIN DOE, *individually,*

                                      Defendants.

----------------------------------------------------------------------X

This action having been commenced on October 4, 2022, by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been served on Defendant Sugar Factory Broadway LLC on October 17, 2022, by service on Sue Zouky, legal clerk for the secretary of state, authorized to accept service thereof, and proof of such service was filed on October 26, 2022; and Defendant Sugar Factory Broadway LLC not having answered the Complaint, and the time for answering the Complaint having expired; it is

~~ORDERED, ADJUDGED AND DECREED: That Plaintiff has judgment against Defendant SUGAR FACTORY BROADWAY LLC for _____ in back pay plus pre-judgment interest, _____ in unpaid wages, _____ in liquidated damages, emotional distress damages in the amount of _____, punitive damages in the amount of~~

ORDERED, ADJUDGED and DECREED that, pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiff has judgment against Defendant Sugar Factory Broadway LLC as set forth below, in amounts to be determined by post-default judgment inquest.

_____, attorney's fees in the amount of _____, and costs in an amount of _____.

Dated: New York, New York
            _____, 2023

_____
U.S.D.J. LORNA G. SCHOFIELD

This document was entered on the docket on _____.

The Complaint asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), and also under the minimum wage and overtime provisions of the Fair Labor Standards Act, the New York Minimum Wage Act and the overtime, spread-of-hours, tip credit, tip pooling, time shaving, notice and recordkeeping, and wage statement provisions of the New York Labor Law and regulations promulgated thereunder.

"[A] defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint" but "a district court 'need not agree that the alleged facts constitute a valid cause of action.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citations omitted). "[A] district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.'" *Id.*

The Complaint adequately alleges that Plaintiff effectively was fired because she was pregnant, was denied a requested reasonable accommodation, and otherwise was treated poorly by her employer because of her pregnancy, which constitutes discrimination on the basis of sex pursuant to the ADA, Title VII as amended by the PDA, the NYSHRL and the NYCHRL.  Default judgment is granted on each of Plaintiff's discrimination claims.

The Complaint also adequately alleges facts to support her claims that Defendant Sugar Factory Broadway LLC illegally claimed tip credits for all hours Plaintiff worked, engaged in an illegal tip pooling scheme that included tip-ineligible workers, and failed to keep proper records and provide proper wage notices and statements.  Default judgment is granted on each of the foregoing wage-and-hour claims.

The Complaint does not adequately allege that Defendant Sugar Factory Broadway LLC engaged in time shaving or failed to pay spread-of-hours wages, because the Complaint does not include any factual allegations about how many hours Plaintiff worked and how many she was paid for.  Default judgment is denied as to Plaintiff's time-shaving and spread-of-hours claims.

An order referring the case for a damages inquest will issue separately.

Dated: February 8, 2022
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

2